UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER PAUL JONES,<br><br>                Petitioner,<br><br>   v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security Administration,<br><br>                Respondent. | Case No. 2:17-cv-00215-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Respondent's motion to dismiss. (Dkt. 14.) The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL HISTORY

On January 2, 2014, Petitioner filed a Title II application for a period of disability and disability insurance benefits. On September 26, 2014, Petitioner filed a Title XVI application for supplemental security income. In both applications, Petitioner alleged a disability onset date of July 15, 2008. The Title II claim was denied initially on March 28, 2014, and upon reconsideration on April 25, 2014. Petitioner field a written request for a hearing on May 19, 2014.

A hearing was held on April 21, 2016, before Administrative Law Judge Jesse Shumway. The ALJ determined Petitioner's Title XVI application was filed after the May 19, 2014 request for a hearing, and was therefore premature, because an initial or reconsideration determination had not yet been made. Further, the ALJ concluded that, for the purpose of escalation and consolidation, no common issue was present between Petitioner's applications. And finally, Petitioner's attorney confirmed there were no common issues between Petitioner's two applications, and that the Title XIV claim was erroneously expedited. (Dkt. 25-7 at 58.) Accordingly, the ALJ dismissed Petitioner's application for Title XVI benefits, and remanded it to Disability Determination Services for a determination on the merits. The ALJ then addressed Petitioner's application for Title II benefits.

After hearing testimony from Petitioner, an impartial medical expert, and a vocational expert, the ALJ issued a decision finding Petitioner not disabled. Petitioner requested review by the Appeals Council, which denied his request for review on March

3, 3017. The Appeals Council noted that the ALJ's decision constituted the final decision regarding Petitioner's claim for Disability Insurance Benefits under Title II, and that Petitioner's application for Supplemental Security Income under Title XVI was remanded for a determination. (Dkt. 25-2 at 5.)

Initially, Respondent sought dismissal of the entirety of the Petition for Review, due to untimeliness. The decision of the Appeals Council was issued on March 3, 2017, and an appeal was required within 65 days.[1] That period expired on May 8, 2017.[2] The Petition for Review was not filed until May 18, 2017. (Dkt. 1.)

Petitioner believed he had until May 23, 2017, and diligently sought counsel, who appeared on May 12, 2017. Counsel immediately requested an extension from the Appeals Council. The Appeals Counsel granted Petitioner's request for an extension concerning Petitioner's Title II claim for disability insurance benefits. (Dkt. 21 ¶ 4.) Accordingly, Respondent sought an extension of time to file Respondent's answer and the administrative record in this case to permit review of Petitioner's Title II claim. The Administrative Record was filed on October 16, 2017. (Dkt. 25.)

1.   **The Court Lacks Jurisdiction**

42 U.S.C. § 405(g) provides that an individual, "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[1] 42 U.S.C. § 405(g); 20 C.F.R. §§ 422.210(c); 404.981; 416.1481; 404.901; 416.1401.
[2] Sixty-five days from March 3, 2017, expired on Sunday, May 7, 2017, giving Petitioner until Monday, May 8, 2017, within which to file his appeal.

**MEMORANDUM DECISION AND ORDER - 3**

action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

Here, there was no hearing or final decision by the Commissioner with regard to Petitioner's application for Title XVI benefits. Accordingly, Petitioner failed to exhaust his administrative remedy upon which judicial review depends. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001). Petitioner's petition for review with regard to his claim for Title XVI benefits is, therefore, subject to dismissal for lack of jurisdiction.

**2. Waiver**

In his response brief, Petitioner addresses only the untimeliness issue, arguing the time for appeal should be equitably tolled and his petition for review should be considered timely filed. After the filing of the response brief, Respondent informed the Court that the Appeals Council had granted Petitioner's request for an extension. Accordingly, the timeliness issue is moot, and the Court will consider the petition for review as it concerns Petitioner's Title II claim for disability insurance benefits.

Petitioner did not, however, challenge Respondent's jurisdictional argument as it pertained to Petitioner's Title XVI claim. The Court, sitting in an appellate capacity, may consider arguments raised in Petitioner's response brief. *See, e.g.*, *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 878 n. 4 (9th Cir. 2010); *U.S. ex. rel. Meyer v. Horizon*

**MEMORANDUM DECISION AND ORDER - 4**

*Health Corp.*, 565 F.3d 1195, 1199 n.1 (9th Cir. 2009) (arguments raised on appeal for the first time in a reply brief are waived); *Daulton v. Astrue*, 2:10–cv–443–REB, 2011 WL 4526745 *4 n.3 (D. Idaho Sept. 28, 2011) (refusing to consider arguments not raised in the petitioner's original briefing). Accordingly, any argument, to the extent there is one, that Petitioner did exhaust her administrative remedies, was waived.[3]

## CONCLUSION

The Court lacks jurisdiction to consider Petitioner's request for review as it relates to his Title XVI claim for Supplemental Security Income. The Court will, however, consider the Petition for Review of the decision of the Commissioner denying Petitioner's claim for Disability Insurance Benefits under Title II.

---

[3] Petitioner addressed only the timeliness issue, arguing equitable tolling was applicable. In his request for relief, Petitioner requested the Court "allow Plaintiff to proceed with his Complaint in its entire[ty]."

**MEMORANDUM DECISION AND ORDER - 5**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

Respondent's Motion to Dismiss (Dkt. 14) is **GRANTED IN PART AND DENIED IN PART**.

DATED: October 31, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge