UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER PAUL JONES,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration,<br><br>　　　　　　Respondent. | Case No. 2:17-cv-00215-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

# INTRODUCTION

Pending before the Court is Christopher Jones's Petition for Review of the Respondent's denial of social security benefits. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed a Title II application for Disability Insurance Benefits and Supplemental Security Income on January 2, 2014, alleging disability beginning July 15, 2008. This application was denied initially and on reconsideration, and a hearing was conducted on March 28, 2016, before Administrative Law Judge (ALJ) Jesse Shumway. After hearing testimony from Petitioner, from medical expert Harold Milstein, M.D., and from vocational expert Thomas Polsin, ALJ Shumway issued a decision on April 21, 2016, finding Petitioner not disabled. (AR 12-17.)[1] Petitioner requested review by the Appeals Council, which denied his request for review on March 3, 2017.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the March 28, 2016 hearing, Petitioner was forty-eight years of age. Petitioner completed high school and two years of college, and his prior work experience includes work as a drafter, shipping and receiving clerk, bicycle assembler, cabinet assembler, and noodle maker. He alleged disability because of mental health conditions;

---

[1] On September 26, 2014, Petitioner filed a Title XVI application for supplemental security income, alleging disability beginning July 15, 2008. The Title XVI application was filed after the request for hearing in the Title II matter and was expedited to hearing at the same time as the Title II claim without an initial or reconsideration determination. After finding the Title XVI claim was erroneously expedited to the hearing level, the ALJ dismissed Petitioner's application for Title XVI benefits and remanded it for a determination on the merits. (AR 12.) In response to the Petition for Review before the Court, Respondent filed a motion to dismiss the petition to the extent Petitioner sought review of the ALJ's determination regarding the Title XVI claim. As explained in its memorandum decision, the Court determined it lacks jurisdiction to review the ALJ's determination regarding Petitioner's Title XVI claim. (Dkt. 28.) Accordingly, the Court's review is limited to Petitioner's Title II application.

**MEMORANDUM DECISION AND ORDER - 2**

extreme anxiety; severe, painful, and debilitating chronic head injury; chronic homelessness; learning disability; severe depression; and head trauma injury. (AR 162.)

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity after his alleged onset date of July 15, 2008. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner did not meet his burden of establishing that he had a medically determinable impairment at step two. Accordingly, the ALJ found Petitioner not disabled and did not proceed to consider steps three through five.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do her previous work but is unable, considering his age, education, and work experience, to engage in any other kind

**MEMORANDUM DECISION AND ORDER - 3**

of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th

**MEMORANDUM DECISION AND ORDER - 4**

Cir. 1999).

## DISCUSSION

Petitioner argues the ALJ erred at step two, contending the ALJ improperly relied upon the medical experts in his step two determination; failed to fulfill his obligation to develop the record regarding Petitioner's alleged mental and physical impairments; did not apply the psychiatric review technique; did not consider lay witness testimony; and violated Petitioner's right to due process by not considering two additional exhibits, which were obtained as part of Petitioner's separately filed Title XVI claim. Petitioner asserts that the ALJ should have held the record open, requested additional medical records, and obtained a consultative medical examination.

1.  **The ALJ's Step Two Determination**

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." *Smolen*, 80 F.3d at 1290 (quoting S.S.R. No. 85–28 (1985)). Step two is generally regarded as "a de minimis screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly

established by medical evidence," S.S.R. 85–28.

Accordingly, the Court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Petitioner did not have a medically severe impairment or combination of impairments. *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005);[2] *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.").

Here, the ALJ found at step two that Petitioner's alleged mental and physical impairments were not medically determinable, finding that before Petitioner's date last insured, there was an absence of medical evidence and no treatment history for either Petitioner's frequent headaches or his psychological symptoms. Specifically, the ALJ noted that the medical evidence of record comprised approximately twenty pages, and none of the records were created before Petitioner's date last insured of December 31, 2013. (AR 15.) The ALJ observed that the earliest medical record was from 2014, when Petitioner first complained of headaches and began seeing Thomas Payne, PA-C, who became Petitioner's primary care provider. The ALJ remarked that X-rays taken in December of 2014 showed only minor to mild cervicothoracic scoliosis, prominent facet hypertrophy on the right at C3-4 associated with significant foraminal encroachment, and

---

[2] Petitioner asserts the ALJ erred because he did not support the determination using "clear and convincing reasons." The correct standard of review is set forth above and does not require the Court to find clear and convincing reasons.

**MEMORANDUM DECISION AND ORDER - 6**

possible foraminal encroachment on the right at C2-3 and left at C3-4. (AR 15.)

The ALJ relied heavily upon the opinions of Dr. Milstein, the medical expert who testified at the hearing, and the medical evaluators at the state agency level who reviewed the medical evidence of record. The ALJ questioned Dr. Milstein at the hearing whether there was sufficient evidence to establish a medically determinable impairment prior to the end of 2013, and Dr. Milstein responded there was not. Similarly, the medical evaluators opined that the record contained insufficient evidence to support a finding of a medically determinable impairment. (AR 16.) The ALJ explained that the written testimony of Petitioner's case manager, who submitted a third-party function report describing Petitioner's physical and mental deterioration, was insufficient to establish a medically determinable impairment prior to the date last insured. Accordingly, the ALJ found there were no medical signs or laboratory findings to substantiate the existence of a medically determinable physical impairment, and he concluded there was no clear evidence Petitioner suffered from either a mental or physical impairment prior to his date last insured. (AR 15-17.) Consequently, the ALJ found Petitioner was not disabled at step two.

Here, the Court finds the ALJ's conclusion that Petitioner did not meet his burden of establishing disability at step two was supported by clearly established medical evidence. The medical evidence of record did not include a finding of impairment, a diagnosis, or objective test results establishing a disability prior to Petitioner's date last insured. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) ("Because none of

the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability."). The Court finds the ALJ did not commit legal error at step two.

Petitioner asserts the ALJ erred by finding Petitioner's alleged mental and physical impairments were not medically determinable during the relevant period, arguing it was error for the ALJ to rely upon the medical experts' opinions in the absence of sufficient medical evidence. (Dkt. 17 at 6-10.) Petitioner argues the record contained "multiple examples of mental health or cognitive issues before the date last insured." But these referenced notations are of Petitioner's self reports or doctors' later concerns and are therefore not sufficient to establish a medically determinable impairment prior to Petitioner's date last insured of December 31, 2013. Petitioner points also to the diagnoses of mental impairments after the date last insured, referring to the consultative examinations obtained as part of Petitioner's separate Title XVI claim. But an impairment must be medically determinable before the date last insured.

The medical experts who reviewed the record and Dr. Milstein, who testified at the hearing, opined that the record contained insufficient evidence to establish that Petitioner had a medically determinable impairment prior to Petitioner's date last insured. The ALJ did not err by limiting his review in this case to the medical evidence of record and relying upon the medical experts' interpretation of such evidence.

Because the Court finds the ALJ did not err at step two, the Court declines to address Petitioner's additional arguments concerning the ALJ's failure to apply the

psychiatric review technique and failure to address Petitioner's functional limitations. Such an analysis is not appropriate when the ALJ finds no medically determinable impairment. *See Coleman v. Colvin*, 524 Fed. Appx. 325, 326, 2013 WL 1694757 (9th Cir. Apr. 19, 2018) ("[B]ecause Ms. Coleman failed to establish a medically determinable mental impairment, she necessarily also failed to establish a colorable claim of mental impairment such that the ALJ had no duty to apply the special psychiatric review technique and determine her degree of functional limitation.").

2. **Duty to Develop the Record**

The ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). This duty is triggered only when there is ambiguous evidence or when the ALJ finds that the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Petitioner argues medical records dating back to 2008 exist, and the ALJ had a duty to obtain them. However, the ALJ questioned Petitioner's attorney during the hearing regarding the existence of any additional medical record evidence. Petitioner's attorney indicated there was none. (AR 35.)[3] By failing to preserve the issue before the ALJ and ask that the record remain open for the submission of additional medical

---

[3] The Court notes also that the record reflects Petitioner was asked about the existence of other medical records, and he responded there were none. (AR 166.)

**MEMORANDUM DECISION AND ORDER - 9**

evidence, Petitioner waived this issue on appeal. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("Appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court."). The Court therefore needs not consider the parties' additional arguments related to this issue and finds the ALJ did not commit error by failing to obtain additional medical records that may have existed outside the record before the ALJ.

Further, Petitioner does not point to any ambiguous evidence or argue that the evidence in the record was inadequate to allow for its evaluation. The thrust of Petitioner's argument is that the ALJ erred in finding that Petitioner's alleged mental impairments and physical ailments were not medically determinable or severe, and that the ALJ should have ordered a consultative exam in the absence of sufficient evidence. But the evidence of record was not ambiguous, nor was the evidence inadequate to allow for proper evaluation. Here, the ALJ's determination that Petitioner did not establish a medically determinable impairment was supported by substantial evidence because Petitioner did not present evidence of clinical signs, laboratory findings or other diagnostic information from an acceptable medical source to establish an impairment. *See Ukolov*, 420 F.3d at 1004-1006. And, the ALJ properly relied upon the interpretation of the existing medical evidence by the medical experts, who did not find the evidence inadequate to allow for a proper evaluation. Accordingly, the ALJ's duty to develop the record any further was not triggered, and the ALJ did not err.

3. **Lay Witness Testimony**

**MEMORANDUM DECISION AND ORDER - 10**

Petitioner next asserts that the ALJ erred by rejecting the lay witness statements from his case worker and his mother as to the existence and severity of his alleged mental impairments. An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1508. Evidence from an acceptable medical source is required to establish the existence of a medically determinable impairment. 20 C.F.R. § 404.1513(a). Evidence from other sources, including non-medical sources such as family and friends, can show the severity of an impairment. 20 C.F.R. § 404.1513(d). But evidence from lay witnesses cannot establish the existence of an impairment in the first instance. 20 C.F.R. § 404.1513(a).[4] And, a claimant's statement of symptoms alone is not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1508, 404.1528(a).

The ALJ did not err by finding no medically determinable impairments based on the statements of Petitioner's case worker, Chris Green, and his mother. In the absence of evidence from an acceptable medical source establishing a medically determinable impairment, the ALJ correctly disregarded the statements of the lay witnesses.

**4.      Due Process**

---

[4] Rather, lay witness testimony is considered at step four, in the context of how a claimant's impairments impact his ability to work. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The consideration of lay witness testimony presupposes a finding that Petitioner suffered from a medically determinable impairment that affected his ability to work. Here, however, the ALJ did not find Petitioner suffered from a medically determinable impairment.

Petitioner claims that later consultative medical evaluations performed in August of 2016, four months after the ALJ issued his determination, should have been considered as part of the record in this case. Petitioner submitted the exhibits with his opening brief and contends the record should have been and was left open for consideration of these exhibits. He claims his right to due process was violated because either examinations should have been ordered as part of this case, or the evaluations performed in August of 2016 should have been considered as part of the record in this Title II case. The Court addressed Petitioner's argument regarding the failure to develop the record by not ordering a consultative exam, above, finding the ALJ did not err regarding his duty to develop the record. As for Petitioner's alternative due process argument, Petitioner fails to account for the procedural history of this matter.

Petitioner filed both a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income. At the hearing, the ALJ expressed concern as to whether he had jurisdiction over Petitioner's Title XVI claim. Petitioner is correct that the record was left open for the ALJ to further consider the legal issue of jurisdiction over Petitioner's Title XVI claim in addition to Petitioner's Title II claim. The ALJ concluded later that he lacked jurisdiction over the Title XVI claim and remanded it to Disability Determination Services for a determination on the merits. (AR 35-36.)

Consequently, the ALJ limited his review of the record and his determination to Petitioner's application for Title II benefits. *See* Mem. at 2 (Dkt. 28.) The additional

**MEMORANDUM DECISION AND ORDER - 12**

medical evaluations were obtained as part of Petitioner's Title XVI claim, not his Title II claim. Pet. Mem. at 16. (Dkt. 31 at 6.) The Court is authorized to review only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings. *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988) (citing 42 U.S.C. § 405(g)). The Court lacks the ability to consider the two additional medical evaluations, as they were not before the ALJ or the Appeals Council as part of Petitioner's Title II application. *See* 42 U.S.C. § 405(g) (explaining the district court's limited jurisdiction).

Alternatively, Petitioner challenges the ALJ's dismissal of his application for disability benefits under Title XVI by arguing the ALJ committed legal error in his determination that there were no overlapping issues. However, the Court previously determined it lacked jurisdiction over Petitioner's application for Title XVI benefits. (Dkt. 28.) And, Petitioner waived this issue during the administrative proceedings, agreeing that there were no common issues between the two claims. (AR 215.)[5] Petitioner's argument of legal error regarding the ALJ's dismissal of his Title XVI claim is therefore not properly before the Court.

## CONCLUSION

---

[5] Petitioner's representative indicated that "Unfortunately, I agree that there appears to be no common issues between the two claims [Title XVI and Title II] and it [the Title XVI application] was erroneously expedited by the local office." (AR 215.)

**MEMORANDUM DECISION AND ORDER - 13**

In sum, the ALJ's assessment of Petitioner's alleged mental and physical impairments was free of harmful error and supported by substantial evidence. The ALJ did not err in finding no medically determinable severe mental impairments at step two. For the foregoing reasons, the Court will affirm the Commissioner's decision, finding that the ALJ's determination was not the product of legal error and was supported by the record as a whole.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

DATED: August 9, 2018

Honorable Candy W. Dale
United States Magistrate Judge